IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEITH CAMPBELL,           §
                          §  No. 357, 2022
    Defendant Below,      §
    Appellant,            §  Court Below—Superior Court
                          §  of the State of Delaware
    v.                    §
                          §  Cr. ID No. 1411008699 (N)
STATE OF DELAWARE,        §
                          §
    Appellee.             §

Submitted:  October 26, 2022
Decided:  November 15, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's order, dated September 8, 2022, denying the appellant's motion for correction of illegal sentence. As explained in this Court's decision in Appeal No. 26, 2022,[1] the appellant is not entitled to relief under Superior Court Criminal Rule 35(a) on the grounds that he received a five-year minimum-mandatory sentence consistent with 11 *Del. C.* § 1448(e)(1)b instead of a higher, six-year minimum-mandatory sentence consistent with 11 *Del. C.* §

---

[1] *Campbell v. State*, 2022 WL 1278996 (Del. Apr. 28, 2022).

1448(e)(2)b.[2] Relief is available under Rule 35(a) if the challenged sentence exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3] The Superior Court did not abuse its discretion by denying the appellant's motion in the circumstances of this case.[4]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] 11 *Del. C.* § 1448 (effective July 4, 2014, to Dec. 31, 2016).
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[4] *See Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) ("We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion, although questions of law are reviewed *de novo*."). *Cf. Turner v. State*, 957 A.2d 565, 575 (Del. 2008) (concluding that Superior Court did not commit reversible error by rejecting State's request to apply enhanced, habitual-offender sentencing to each of nine convictions and instead imposing enhanced sentencing for only two of those convictions).